27-9539-00-3/PWD

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| HARLEYSVILLE LAKE STATES INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) No. |
| | ) |
| CUSTOM CONTRACTING, LTD, an Illinois corporation and TOWER CROSSING CONDOMINIUM ASSOCIATION, an Illinois not for profit corporation and as assignee of KIMBALL HILL, INC., a dissolved Illinois corporation, and the KHI LIQUIDATION TRUST, successor in interest to KIMBALL HILL, INC., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF**

NOW COMES Plaintiff, HARLEYSVILLE LAKE STATES INSURANCE COMPANY, by and through their attorneys, PAUL W. DAUGHERITY of CLAUSEN MILLER P.C., and for its Complaint for Declaratory Judgment, states as follows:

**PARTIES**

1. Plaintiff, Harleysville Lake States Insurance Company ("Harleysville") is a Michigan corporation with its principal place of business located at 901 Wilshire Drive, Suite 520, Troy, Michigan, and is a citizen of Michigan.

2. Custom Construction, Ltd. is an Illinois corporation with its principal place of business in Cary, Lake County, Illinois and was the Named Insured under Harleysville

1612564.1

commercial general liability policy No. MPA 1J9849 effective from May 1, 2004 to May 1, 2006. Custom Construction is a citizen of Illinois. A true and correct certified copy of said policy is attached hereto and made a part hereof as exhibit "A".

3. Tower Crossing Condominium Association ("Association) is a duly authorized and licensed Illinois Not-for-profit Corporation; was established by a Declaration of Condominium Ownership and By- Laws of Tower Crossing Condominium Association that was recorded with the Recorder of Deeds Office of Cook County, Illinois on or about January 28, 2003; is an Illinois Condominium Association having its principal place of business in Chicago, Illinois; and is an assignee of certain rights and causes of action previously belonging to Kimball Hill and/or the Trust. The Association is a citizen of Illinois.

4. The Board of Directors of the Tower Crossing Condominium Association (the "Board") is the governing body of the Association.

5. The Association has filed an amended complaint and is the plaintiff in the lawsuit styled *Tower Crossing Condominium Association, etc. v. Prate Sheet Metal, Inc., Custom Construction, LTD* (incorrectly sued as Custom Roofing Construction and referenced therein as "CRC") , *et al.*, under docket number 2015 L 009475 in the Circuit Court of Cook County, Illinois, County Department, Law Division ("underlying lawsuit") asserting claims against Harleysville Named Insured Custom Construction. The Association is an interested party to this action. A copy of the underlying lawsuit is attached hereto and made a part hereof as Exhibit "B".

6. In the underlying lawsuit, the Association is claiming Custom Construction is liable to it for damages in excess of the $6.6 million cost to remedy damages caused by Defects as set forth in the underlying lawsuit. (See Exhibit B at pars. 28-36.)

7. Harleysville is currently providing and paying for Custom Construction's independent defense under a reservation of rights for the underlying lawsuit.

## JURISDICTION

8. The jurisdiction of this Honorable Court is premised upon 28 U.S.C. § 1332 because there is a complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, in this action seeking a declaration of no coverage.

## VENUE

9. Venue is premised upon 28 U.S.C. § 1391 as the Named Insured, Custom Construction, is an Illinois corporation and had its principal place of business in Lake County Illinois, the Association is situated in Cook County and Lake County is the location where the subject policies were delivered to the Named Insured.

## THE UNDERLYING LAWSUIT

10. In the underlying lawsuit the Association alleges that Custom Construction entered into a subcontract with Kimball Hill to do roofing work at the Tower Crossing project (Exhibit B pars. 20 and 21) that roofing work of Custom Construction was deficient (Exhibit B par. 29) as follows:

> 29. Defects result from the failure to construct the roofing system and the exterior masonry wall system of the Homes in a manner consistent with the applicable drawings and specifications and/or in a good and workmanlike manner, and more specifically in the following respects:

3

1612564.1

a. parapet balconies lack and/or were constructed with improperly installed flashing and coping;

b. flat-roof bulkheads and bulkhead step-downs were improperly constructed;

c. low-sloped roof to steep-sloped roof transitions were improperly constructed;

d. roof saddle roofing membranes were improperly integrated with chimneys and parapet walls;

e. there was or may have been excessive clogging of the drainage cavity (air space) with mortar between the exterior brick wythe and wood frame structure;

f. masonry chimneys contained defective flashing and/or were not flashed;

g. punched windows were defectively flashed and/or installed;

h. coping was defectively flashed;

i. the metal roof-to-wall intersections were defectively flashed and/or installed;

j. the fourth floor man door threshold and door jamb to roof intersections were defectively flashed;

k. the rear patio parapet to wall intersections were defectively flashed;

l. roof to exterior siding wall intersections were defectively flashed;

m. concrete chimney caps were defectively flashed or were not flashed;

n. concrete chimney caps were defectively sloped; and

o. through-wall masonry flashing at floor line shelf angels was defective.

11. The Association's Amended Complaint has asserted two counts against Custom Construction consisting of Count II Breach of the Implied Warranty of Habitability ("BIWH") directly on behalf of the Association (Exhibit B, page 12 at pars. 62 through 66) and Count V Breach of Contract as assignee of Kimball Hill (Exhibit B, page 15 at pars. 77 through 83)

4

1612564.1

## THE HARLEYSVILLE POLICY

12. The aforesaid Harleysville Policy (the "Policy") contains the following pertinent provisions:

### *COMMERCIAL GENERAL LIABILITY COVERAGE FORM CG 0001*
### *COVERAGE A*

*1. Insuring Agreement*

    *a.* *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:*

        *(1)* *The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and*

        *(2)* *Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.*

    *No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.*

    *b This insurance applies to "bodily injury" and "property damage" only if:*

        *The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory", and*

        *The "bodily injury" or "property damage" occurs during the policy period.*

5

1612564.1

\* \* \*

2. *Exclusions*

*This insurance, including any duty we have to defend "suits", does not apply to:*

a. *Expected Or Intended Injury*

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

b. *Contractual Liability*

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

\* \* \*

j. *Damage To Property*

"Property damage" to:

\* \* \*

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

6

1612564.1

   *(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.*

  *Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".*

 k. *Damage To Your Product*

  *"Property damage" to "your product" arising out of it or any part of it.*

 l. *Damage To Your Work*

  *"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".*

  [As replaced by Endorsement CG 2294 10 01 "EXCLUSION – DAMAGE TO WORK PERFORMED BY SUBCONTRACTORS ON YOUR BEHALF" below.]

 m. *Damage To Impaired Property Or Property Not Physically Injured*

  *"Property damage" to "impaired property" or property that has not been physically injured, arising out of:*

  *(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or*

  *(2) A delay or failure by your or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.*

  *This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.*

 n. *Recall Of Products, Work Or Impaired Property*

  *Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:*

  *(1) "Your product";*

  *(2) "Your work"; or*

  *(3) "Impaired property";*

7

1612564.1

> *if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.*

* * *

Certain terms are defined in the Coverage Form of the Policy. Relevant definitions are listed below:

### *SECTION V. DEFINITIONS*

*The Terms "you", "your", "we", "us", "our" and "insured" are defined in the Preamble of this Coverage Form. The following words or phrases, which appear in quotation marks throughout this Coverage Form and any of its endorsements, are defined as follows:*

* * *

8. *"Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:*

   a. *It incorporates "your product" or "your work" that is known to be defective, deficient, inadequate or dangerous; or*

   b. *You have failed to fulfill the terms of a contract or agreement.*

   *If such property can be restored to use by:*

   a. *The repair, replacement, adjustment or removal of "your product" or "your work"; or*

   b. *Your fulfilling the terms of the contract or agreement.*

* * *

9. *"Insured contract" means:*

   a. *A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";*

   b. *A sidetrack agreement;*

   c. *Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;*

8

1612564.1

  d. *An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;*

  e. *An elevator maintenance agreement;*

  f. *That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.*

   *Paragraph f. does not include that part of any contract or agreement:*

   (1) *That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;*

   (2) *That indemnifies an architect, engineer or surveyor for injury or damage arising out of:*

    (a) *Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or*

    (b) *Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or*

   (3) *Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in (2) above and supervisory, inspection, architectural or engineering activities.*

     \* \* \*

13. *"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*

     \* \* \*

17. *"Property damage" means:*

  a. *Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*

9

    b.    *Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.*

21. *"Your product":*

    a.    *Means:*

        1)    *Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:*

            a)    *You;*

            b)    *Others trading under your name; or*

            c)    *A person or organization whose business or assets you have acquired; and;*

        2)    *Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.*

    b.    *Includes:*

        1)    *Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and*

        2)    *The providing of or failure to provide warnings or instructions.*

22. *"Your work":*

    *Means:*

        1)    *Work or operations performed by you or on your behalf; and*

        2)    *Materials parts or equipment furnished in connection with such work or operations.*

    *Includes:*

        1)    *Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and the providing of or failure to provide warnings or instructions.*

1612564.1

The Policy includes Endorsement CG 22 94 10 01, which states:

***THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.***

***EXCLUSION - DAMAGE TO WORK PERFORMED BY SUBCONTRACTORS ON YOUR BEHALF***

*This endorsement modifies insurance provided under the following:*

COMMERCIAL GENERAL LIABILITY COVERAGE PART

*Exclusion **l.** of **Section I - Coverage A - Bodily Injury And Property Damage Liability** is replaced by the following:*

**2. Exclusions**
   This insurance does not apply to:

   **l. Damage To Your Work**
   "Property damage" to "your work" arising out of it or any part of it and included in the "products- completed operations hazard".

The Policy includes Endorsement CG 2167 (04/02), which states:

***FUNGI OR BACTERIA EXCLUSION ENDORSEMENT CG 2167***

*This endorsement modifies insurance provided under the following:*

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A.   The following exclusion is added to Paragraph 2. Exclusions of Section I - Coverage A - Bodily Injury And Property Damage Liability:

   2.   Exclusions

      This insurance does not apply to:

      Fungi Or Bacteria

         a.   "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event,

11

1612564.1

        *material or product contributed concurrently or in any sequence to such injury or damage.*

    b.    *Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.*

*This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.*

B.    *The following exclusion is added to Paragraph 2. Exclusions of Section I - Coverage B - Personal And Advertising Injury Liability:*

2.    *Exclusions*

*This insurance does not apply to:*

*Fungi Or Bacteria*

    a.    *"Personal and advertising injury" which would not have taken place, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury.*

    b.    *Any loss, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.*

C.    *The following definition is added to the Definitions Section:*

*"Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by                                                                 fungi.*

*All terms and conditions of this policy apply unless modified by this endorsement.*

1612564.1

13. The claims asserted in the underlying lawsuits against Custom Contracting by the Association are not within the coverage afforded to Custom Contracting, or are otherwise excluded from coverage under the Policies in one or more of the following ways:

a. There are no tort claims asserted by the Association or Third-Party Plaintiffs;

b. The claims of the Association under Count II seek only damages for economic loss and are not covered;

c. The claims of the Association under Count V seek only damages for economic loss and are not covered

d. The Association, individually or as assignee of Kimball Hill cannot sue Custom Construction in negligence

e. BIWH is the only claim available to the Association for construction defect and BIWH is not a claim in tort but, rather, is an action in contract and is not covered:

f. The Association Complaint does not, as a matter of law, allege an "occurrence" as that term is defined in the Policy;

g. The Association Complaint does not, as a matter of law, allege "property damage" as that term is defined in the Policy;

h. Even if there could be a claim for "property damage" the Damage to Property Exclusion 2. J. would apply;

i. Even if there could be a claim for "property damage" the Damage to Your Work and Repair/Replacement Exclusions 2. l. would apply;

j. Even if there could be a claim for "property damage" the Damage to Impaired Property Exclusion 2.n. would apply;

k. The Expected or Intended Exclusion 2.a. applies to the Association Complaint;

l. The Breach of Contract Exclusion 2.b. applies, as a matter of law, to the Association Complaint;

m. BIWH claims only allow recovery for the cost of remedying the defects or deficiencies of Custom Contracting's work and is only a claim for and repair or replacement of defective work which is excluded from coverage;

n. The underlying lawsuit does not allege any "bodily injury" or "property damage" caused by an "occurrence" as those terms are defined in the Policy.

o. Breach of contract is not an "accident" as that term is used in the definition of "occurrence".

p. Allegations of damage from "fungi" or "bacteria" are specifically excluded from coverage under the Policies.

q. The Association lacks standing to assert claims on behalf of individual unit owners for any claims the unit owners may have with respect to the interior of their units or personal property.

r. The Association only has standing to assert claims involving defects to the construction of the common areas at Tower Crossing.

s. Coverage is otherwise precluded under the terms, conditions, provisions and endorsements to the Allied policy.

14. Harleysville is not obligated to furnish a defense or indemnity to Custom Contracting for the claims asserted against Custom Contracting in the underlying lawsuit as the claim against it is not within coverage and/or is otherwise excluded under the Policies.

15. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment of this Honorable Court. Pursuant to the terms of 28 U.S.C. §§2201 and 2202, this Honorable Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final right of all parties and to give such other and further relief as may be necessary to enforce same.

WHEREFORE, Plaintiff, HARLEYSVILLE LAKE STATES INSURANCE COMPANY, respectfully request that this Honorable Court declare the rights of the parties herein and find:

a. That Harleysville Lake States Insurance Company does not owe a duty to defend and/or indemnify Custom Construction under Policy No. No. MPA 1J9849

        effective from May 1, 2004 to May 1, 2006 with respect to the claims asserted in the underlying lawsuit *Tower Crossing Condominium Association, etc. v. Prate Sheet Metal, Inc., Custom Construction, LTD* (incorrectly sued as Custom Roofing Construction and referenced therein as "CRC") , *et al.*, under docket number 2015 L 009475 in the Circuit Court of Cook County, Illinois, County Department, Law Division.

b.    That Defendants to this action and any person or entity claiming through the Defendants be permanently enjoined from claiming any benefit under Harleysville Lakes States Insurance Company Policy No. No. MPA 1J9849 effective from May 1, 2004 to May 1, 2006 arising out of the aforementioned claims or arising out of the events as alleged in the underlying lawsuit *Tower Crossing Condominium Association, etc. v. Prate Sheet Metal, Inc., Custom Construction, LTD* (incorrectly sued as Custom Roofing Construction and referenced therein as "CRC") , *et al.*, under docket number 2015 L 009475 in the Circuit Court of Cook County, Illinois, County Department, Law Division ;

c.    That this may have such other relief or declarations as the Court may deem just, necessary and proper;

d.    That Plaintiff be awarded their costs incurred herein.

                                           *s/Paul W. Daugherity*
                                          PAUL W. DAUGHERITY (#6286006)

P. SCOTT RITCHIE (#6201897)
PAUL W. DAUGHERITY (#6286006)
CLAUSEN MILLER P.C.
10 South La Salle Street
Chicago, IL 60603
(312) 855-1010
Attorneys for Plaintiff Harleysville Insurance Company.

**EXHIBITS**

        1.    **Harleysville Policy**
        2.    **Tower Crossing Amended Complaint w/exhibits**

1612564.1